STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-919


KASHA LAPOINTE

VERSUS

VERMILION PARISH SCHOOL BOARD, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 98078
HONORABLE JULES D. EDWARDS, III DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Phyllis M. Keaty,
Judges.


**REVERSED AND RENDERED.**

Calvin Eugene Woodruff, Jr.
Cooper & Woodruff
P.O. Drawer 520
Abbeville, LA 70511
(337) 898-5777
COUNSEL FOR DEFENDANT/APPELLEE:
    Vermilion Parish School Board

Brian Francis Blackwell
Blackwell and Associates
2600 Citiplace Dr., Suite 525
Baton Rouge, LA 70808
(225) 769-2462
COUNSEL FOR PLAINTIFF/APPELLANT:
    Kasha Lapointe

Jimmy R. Faircloth, Jr.
Christie C. Wood
Faircloth, Melton & Keiser, LLC
105 Yorktown Drive
Alexandria, LA 71303
(318) 619-7755
COUNSEL FOR INTERVENOR/APPELLEE:
    State of Louisiana

**EZELL, Judge.**

At issue in this case is whether Section 3 of Act 1 of the 2012 Regular Session of the Louisiana Legislature as it amends La.R.S. 17:443 is unconstitutional because it violates the due process rights of tenured public school teachers. For the following reasons, we find that Section 3 of Act 1 does violate the due process rights of tenured public school teachers to which they are entitled to under the 14th Amendment to the United States Constitution and Article 1, § 2 of the Louisiana Constitution.

## FACTS

Kasha LaPointe was employed by the Vermilion Parish School Board as a teacher. She was classified as a permanent, or tenured, teacher. By a letter dated Friday, August 16, 2013, Ms. LaPointe was informed by the superintendent of schools, Jerome Puyau, that a hearing was to be held on Tuesday, August 20, 2013, in his office to discuss charges of alleged willful neglect of duty and dishonesty. The letter informed her that she would have an opportunity to respond. The meeting was moved to August 22 in order to give Ms. LaPointe time to secure legal counsel.

After the meeting, Ms. LaPointe was advised by a letter dated September 9, 2013, that she was terminated effective the close of business on that day. The letter also advised her that she had seven days from receipt of the letter to apply for a tenure review panel.

By a letter dated September 16, 2013, Ms. LaPointe advised Mr. Puyau that she demanded a hearing with the review panel while contesting the constitutionality of Act 1. A hearing was held before the tenure hearing panel on October 8, 2013, where, by a vote of two to one, the panel concurred with the

decision of the superintendent to terminate Ms. LaPointe's employment. A letter dated October 11, 2013, informed Ms. LaPointe of this decision and advised her that she had sixty days to seek judicial review of the decision.

Ms. LaPointe then filed a petition for judicial review on December 10, 2013, against the Vermilion Parish School Board. She asked that Act 1 be declared unconstitutional and that any action taken by the Vermilion Parish School Board pursuant to Act 1 be declared null and void. She sought reinstatement and restoration to duty as a tenured teacher and compensation of her full pay retroactive to September 9, 2013, the date of her termination. Ms. LaPointe also filed a petition seeking judicial review of the school board's termination of her employment. The trial court ordered the two suits consolidated. Since the constitutionality of Act 1 is at issue in this case, the State of Louisiana, through the Attorney General, intervened in the case.

A trial was held only on the constitutional issues on March 24, 2014. The trial court found that Act 1 was both facially constitutional and constitutional as applied to the facts of this case and dismissed Ms. LaPointe's claims for declaratory and injunctive relief. A judgment dismissing Ms. LaPointe's claims for declaratory and injunctive relief with prejudice was signed on May 5, 2014. Ms. LaPointe then filed the present appeal arguing that the trial court erred in failing to find that La.R.S. 17:443, as amended by Act 1, is facially unconstitutional because it violates the due process rights of tenured public school teachers and it is also unconstitutional in its application to her because her due process rights were violated when she was terminated.

## DISCUSSION

We must first address an argument raised by the State of Louisiana. On appeal, the State argues that Ms. LaPointe's facial constitutional challenge to La.R.S. 17:443 was rendered moot when it was rewritten by Act 570 of 2014 which amended and reenacted La.R.S. 17:443.

In *Louisiana Federation of Teachers v. State*, 14-691, p. 12 (La. 10/15/14), ___ So.3d ___, ___, the supreme court recognized "that Act 570 is not retroactive and is limited in scope to matters involving tenure and the process or proceedings incident to the termination of employment." The court then further recognized that a ruling that Act 1 is unconstitutional would have procedural significance for teachers who were terminated by Act 1 before it was amended by Act 570. The supreme court held that Act 1 did not violate the single object requirement for legislative bills as provided for in La.Const. art. III, § 15(A) and was not unconstitutional on that basis. The supreme court then remanded the case to the trial court to address the due process constitutional arguments raised by the plaintiffs.

Based on the supreme court's ruling in *Louisiana Federation*, the decision in this case on whether Act 1 violates the due process rights of tenured public school teachers is not moot since teachers were terminated utilizing the procedure set forth in La.R.S. 17:443 before it was amended by Act 570. Act 1 affects teachers who were disciplined between July 1, 2012, when Act 1 became effective, and June 9, 2014, when Act 570 was signed by the Governor of Louisiana. Such is the case before us concerning Ms. LaPointe's termination, so we will now address her arguments as to whether the procedure outlined in Act 1 violates the due process rights of tenured public school teachers.

3

Appellate review of whether a statute is constitutional is de novo. *La. Fed'n of Teachers*, ___ So.3d ___. Statutes are presumed constitutional, and the party challenging the validity of the statute has the burden of proving its unconstitutionality. *Id*. Courts must preserve the constitutionality of a statute when it is reasonable to do so, but when a statute conflicts with the Constitution of the United States and with the Louisiana Constitution, the statute must fall. *Id*.

The 14th Amendment to the United States Constitution and Article 1, §2 of the Louisiana Constitution protect a tenured public school teacher's right to continued employment by requiring that certain procedural steps are followed before the teacher is terminated. This right is a vested property right that cannot be divested without adequate legal process. *Rubin v. Lafayette Parish Sch. Bd.*, 93-473 (La.App. 3 Cir. 12/14/94), 649 So.2d 1003, *writ denied*, 95-845 (La. 5/12/95), 654 So.2d 351. "Although a state may establish certain statutory procedural safeguards to protect property rights, still the safeguards may be judged insufficient (depending on the facts and circumstances of a particular case) to guard the particular property interest at risk." *Id*. at 1010.

Louisiana Revised Statutes 17:443, as amended by Act 1 of 2012 provides:

A. The school superintendent may terminate the employment of any nontenured teacher after providing such teacher with the written reasons therefor and providing the teacher the opportunity to respond. The teacher shall have seven days to respond, and such response shall be included in the teacher's personnel file.

B. (1) A teacher with tenure shall not be removed from office except upon written and signed charges of poor performance, willful neglect of duty, incompetency, dishonesty, immorality, or of being a member of or contributing to any group, organization, movement, or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if furnished with a copy of such written charges and given the opportunity to respond. The teacher shall have seven days to respond, and such response shall be included in the teacher's personnel file. At the end of this seven-day time

4

period, the superintendent may terminate the teacher's employment. A teacher shall not be terminated for an "ineffective" performance rating until completion of the grievance procedure established pursuant to R.S. 17:3883(A)(5) if a grievance was timely filed. Within seven days after dismissal, a teacher may request and upon request shall be granted a hearing by a panel composed of a designee of the superintendent, a designee of the principal or the administrative head of the state special school in which the teacher was employed, and a designee of the teacher. In no case shall the superintendent, the principal or state special school administrative head, or teacher designate an immediate family member or any full-time employee of the school system by which the teacher was employed who is under the supervision of the person making the designation. Such hearing may be private or public, at the option of the teacher, and shall begin within seven business days after receipt of the teacher's request for such hearing. The teacher shall have the right to appear before the tenure hearing panel with witnesses on his behalf and with counsel of his selection, all of whom shall be heard by the panel at the hearing. For the purpose of conducting hearings hereunder, the panel shall have the power to issue subpoenas to compel the attendance of all witnesses. Nothing herein contained shall impair the right to seek supervisory review from a court of competent jurisdiction.

(2) The tenure hearing panel shall submit its recommendation to the superintendent, and the superintendent may choose to reinstate the teacher. If the superintendent does not reinstate the teacher, the superintendent shall notify the teacher of his final determination, in writing, and such teacher may, not more than sixty days from the postmarked date of such written notification, petition a court of competent jurisdiction to review whether the action of the superintendent was arbitrary or capricious. The court shall have jurisdiction to affirm or reverse the action of the superintendent in the matter. The record on review shall be limited to evidence presented to the tenure hearing panel, and the court shall review the matter not later than ten days after the petition has been filed. If the action of the superintendent is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he may have sustained by reason of the action of the superintendent.

C. For the purposes of this Section, immorality shall mean any conviction of a felony offense affecting the public morals enumerated in Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950.

D. For purposes of this Section, the results of a teacher's evaluation performed pursuant R.S. 17:3881 through 3905 evaluating the teacher's performance as "ineffective" shall constitute sufficient proof of poor performance, incompetence, or willful neglect of duty

5

and no additional documentation shall be required to substantiate such charges.

Ms. LaPointe argues that the version in effect prior to Act 1 provided for a legal hearing before the school board prior to the termination or discipline of a tenured teacher. Ms. LaPointe argues that Act 1 has now eliminated the requirement of any hearing before a teacher is terminated. Under La.R.S. 17:443(B)(1) as amended by Act 1, a teacher receives written notice of the reasons for potential termination. The teacher then has seven days to respond, at which time the superintendent may terminate the teacher. It is only after this dismissal that a teacher may request a hearing before a panel composed of a designee of the superintendent, a designee of the principal, and a designee of the teacher.

The Louisiana Supreme Court recognizes that "due process entitles an employee threatened with termination to notice of the charges lodged against him, and an opportunity to tell his side of the story before termination." *Lange v. Orleans Levee Dist.*, 10-140, p. 6 (La. 11/30/10), 56 So.3d 925, 930 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985)). In further discussing the minimum requirements of a pre-termination hearing, the supreme court observed that:

> The purpose of the hearing is not to determine with certainty whether termination is appropriate; instead, the hearing should have served as "an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." When a civil service employee is entitled to a full evidentiary hearing after termination, and retroactive relief such as reinstatement is available, pre-termination due process is satisfied by notice and an opportunity to respond. In other words, only the *barest* of a pre-termination procedure is required when an elaborate post-termination procedure is provided.

*Id*. at 930-31 (quoting *Loudermill*, 105 S.Ct. at 1495)(citations omitted).

We find that the overall scheme of Section 3 of Act 1 of 2012 as it amends and reenacts La.R.S. 17:443 is unconstitutional as it deprives a tenured public school teacher adequate due process before he or she is terminated. Pursuant to Act 1, only one person, the superintendent, makes the decision to terminate, the superintendent. While the teacher is allowed to oppose the charges brought by the superintendent, it is only **after termination** that a tenured teacher is allowed to submit her case, including witnesses, to a panel. While it would seem that a teacher receives due process at this post-termination proceeding because she is entitled to a full evidentiary hearing, we find that this is not the case.

We further find that any tenure hearing panel is also weighted against the teacher as it made up of three people, two of whom are selected by the parties responsible for the teacher's termination. i.e., the superintendent who made the decision to actually terminate the teacher and the principal who probably made the request for termination in the first place. Furthermore, the tenure hearing panel can submit only a recommendation to the superintendent after the hearing. Even if the panel suggests reinstatement, the superintendent is not required to reinstate the teacher, thereby leaving the teacher's fate in the hands of one person, the superintendent. The teacher can seek further review in a trial court. However, the trial court can reverse the decision of the superintendent only if it was arbitrary and capricious.

With this type of process in place, the superintendent is the only decision maker. Once the superintendent has decided to terminate a teacher without a full hearing, it is almost impossible that a teacher will be reinstated. This renders the post-termination procedure meaningless. Therefore, a pre-termination procedure in which an employee can only respond to allegations with no hearing does not

provide any meaningful opportunity for a teacher to defend her job. This is not adequate due process under the 14th Amendment to the United States Constitution and Article I, § 2 of the Louisiana Constitution. We find that Section 3 of Act 1 of 2012 that amends and reenacts La.R.S. 17:443(B) is unconstitutional as it denies all tenured public school teachers the due process to which they are entitled.

Since we find that La.R.S. 17:443(B) as amended in 2012 is unconstitutional, we further find that the termination of Ms. LaPointe was pursuant to a procedure that was "void from its inception and of no legal effect." *La. Fed'n of Teachers*, ____ So.3d at ___. Therefore, Ms. LaPointe is entitled to reinstatement and her full pay and any other benefits to which she would have been entitled had she not been terminated. Due to this ruling, there is no need for us to address Ms. LaPointe's arguments concerning the constitutionality of Section 3 of Act of 2012 that amends and reenacts La.R.S. 17:443(B) in its application to her by the Vermilion Parish School Board.

The Vermilion Parish School Board is hereby ordered to reinstate Kasha LaPointe to the position of teacher with tenure at her former employment level with all back pay from September 9, 2013, together with all other benefits she would have been entitled but for the improper termination. All costs below and on appeal, in the amount of $5,954.56, are assessed equally against the Vermilion Parish School Board and the State of Louisiana.

**REVERSED AND RENDERED.**