# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 14-919


KASHA LAPOINTE

VERSUS

VERMILION PARISH SCHOOL BOARD, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 98078
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

OPINION ON REMAND

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED AND REMANDED.**

**Calvin Eugene Woodruff, Jr.**
**Cooper & Woodruff**
**P.O. Drawer 520**
**Abbeville, LA 70511**
**(337) 898-5777**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Vermilion Parish School Board**

**Brian Francis Blackwell**
**Blackwell and Associates**
**2600 Citiplace Dr., Suite 525**
**Baton Rouge, LA 70808**
**(225) 769-2462**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Kasha Lapointe**

**Jimmy R. Faircloth, Jr.**
**Christie C. Wood**
**Faircloth, Melton & Keiser, LLC**
**105 Yorktown Drive**
**Alexandria, LA 71303**
**(318) 619-7755**
**COUNSEL FOR INTERVENOR/APPELLEE:**
**State of Louisiana**

**EZELL, Judge.**

We consider this matter on remand from the supreme court following its decision in *LaPointe v. Vermilion Parish School Board,* 15-432 (La. 6/30/15), ___ So.3d ___. In its remand to this court, the supreme court ordered that we consider the issue of Kasha LaPointe's as-applied constitutional challenge to La.R.S. 17:443 as amended by Section 3 of Act 1 of the 2012 Regular Session of the Louisiana Legislature. For the following reasons, we affirm the judgment of the trial court and remand this matter for further proceedings.

## FACTS

Ms. LaPointe filed this lawsuit challenging the constitutionality of La.R.S. 17:443 as amended by Section 3 of Act 1 of the 2012 Regular Session of the Louisiana Legislature after she was fired from her job as a teacher. The facts of this matter were fully addressed in both our prior opinion, *LaPointe v. Vermilion Parish School Board*, 14-919 (La.App. 3 Cir. 2/4/15), 158 So.3d 257, and the supreme court's opinion. Both this court and the supreme court recognized that Ms. LaPointe enjoyed a vested property right as a tenured teacher entitling her to due process before deprivation of such a right. This court found that La.R.S. 17:443 as amended by Section 3 of Act 1 of the 2012 Regular Session of the Louisiana Legislature was facially unconstitutional because it does not afford a full evidentiary hearing before a neutral adjudicator prior to termination of a tenured public school teacher.

In reversing our decision, the supreme court held that:

La.Rev.Stat. 17:443 as amended by Act 1 of 2012 provides sufficient due process to protect the tenured teacher's vested employment rights. This statute provides for one pre-termination opportunity to respond to the charges, and two post-termination hearings. At the first of these post-termination hearings, the teacher may present evidence to build

his or her case before a tenure hearing panel, which then makes a recommendation to the superintendent; at the second, she may seek judicial review of the superintendent's decision. If the judge determines the superintendent's decision to terminate or not reinstate the teacher's employment was arbitrary or capricious, the teacher shall be entitled to reinstatement and full back pay. Given these requirements before and after termination, we find Act 1 of 2012 on its face provided sufficient due process protections to the tenured teacher.

*LaPointe*, ___ So.3d at ___. The supreme court then remanded the matter to this court to consider Ms. LaPointe's as-applied constitutional challenge to the statute.

## DISCUSSION

Ms. LaPointe argues that the application of La.R.S. 17:443, as amended by Act 1, violated her due process rights guaranteed by the 14th Amendment to the United States Constitution and Article I, § 2 of the Louisiana Constitution of 1974. Relying on *Wilson v. City of New* Orleans, 479 So.2d 891 (La.1985), Ms. LaPointe argues that she was deprived of an unbiased tribunal and the right to call witnesses.

Regarding her right to an unbiased tribunal, Ms. LaPointe specifically alleges that the superintendent was personally involved in each and every stage of the proceedings, which kept him from being a neutral and detached decision-maker. She specifically alleges that the superintendent personally investigated the allegations when he reviewed a videotape after the due process hearing, which he specifically relied on in terminating her. Ms. LaPointe further argues that the superintendent refused to consider other relevant evidence, such as a doctor's excuse or her worth as a school teacher. Regarding the pre-termination hearing, Ms. LaPointe claims that her due process rights were violated because she was not allowed to bring witnesses to the meeting, provide documentary evidence at the meeting, or bring any member of the public with her to that meeting.

2

> A facial attack is typically described as one where "no application of the statute would be constitutional." In contrast, courts define an as-applied challenge as one "under which the plaintiff argues that a statute, even though generally constitutional, operates unconstitutionally as to him or her because of the plaintiff's particular circumstances."

Alex Kreit, *Making Sense of Facial and As-Applied Challenges*, 18 Wm. & Mary Bill Rts. J. 657 (2010) (footnote omitted). An as-applied challenge "only overturn[s] the application of the statute in the case at hand." *Id.* at 658.

We initially observe that Ms. LaPointe's as-applied challenges appear strikingly similar to her facial constitutional challenge to La.R.S. 17:443. Ms. LaPointe argued that the procedure set forth in La.R.S 17:443 denied her the right to a pre-termination hearing and placed too much authority with the superintendent in the termination process.

A plaintiff can bring an as-applied constitutional challenge even if the law was upheld under a facial challenge. *In re Cao*, 619 F.3d 410 (5th Cir. 2010), *cert. denied*, 562 U.S. 1286, 131 S.Ct. 1718 (2011). "[A] plaintiff cannot successfully bring an as-applied challenge to a statutory provision based on the same factual and legal arguments the Supreme Court expressly considered when rejecting a facial challenge to that provision." *Id.* at 430.

However, we find that Ms. LaPointe's arguments are not properly characterized as as-applied constitutional challenges. Rather, the issues that are now before this court concern the manner in which the statute was implemented by the Vermilion Parish School Board and how its misapplication of the statute violated her substantive and procedural due process rights.

In his concurring opinion in *Seling v. Young*, 531 U.S. 250, 271, 121 S.Ct. 727, 739 (2001) (emphasis and alterations in original) (quoting *United States v.*

3

*Christian Echoes National Ministry, Inc.*, 404 U.S. 561, 565, 92 S.Ct. 663, 666 (1972)), Justice Thomas explained that: "Typically an 'as-applied' challenge is a claim that a statute, '*by its own terms*, infringe[s] constitutional freedoms in the circumstances of [a] particular case.'" Justice Thomas went on to explain that it was his position that the respondent's claim in that case was not that the statute "'by its own terms'" was unconstitutional as applied to the respondent, but rather that the statute was not being applied according to its terms at all. *Id*.

Such is the case with Ms. LaPointe's arguments in the case at hand. Ms. LaPointe is not attacking the statutory scheme of La.R.S. 17:443 and arguing that its application in a proper manner is unconstitutional as applied to her particular situation and the facts. Instead, she is attacking the manner in which the Vermilion Parish School Board proceeded with her termination under La.R.S. 17:443, arguing that its actions violated her due process rights.

The supreme court has already determined that the termination procedure provided by Act 1 provides sufficient due process, allowing Ms. LaPointe to present evidence, by holding:

> Because Act 1 requires notice and an opportunity to respond in writing before termination, it provides sufficient opportunity to the tenured teacher to respond to the charges against her. The statute, moreover, does not limit the manner of a teacher's pre-deprivation response, as she may respond in person or in writing, present evidence, and be represented by an attorney. . . . We find the pre-termination process permitted by act 1 of 2012 is sufficient to give the teacher notice of the charges against her and a meaningful opportunity to respond.

*LaPointe*, ___ So.3d at ___.

The supreme court further found that under the procedures of Act 1, the superintendent is a neutral and detached decision maker stating:

4

We do not find the post-termination procedures set forth in Act 1 of 2012 to be either meaningless or lacking in sufficient due process protections. Although the plaintiff suggests the superintendent is effectively both the prosecutor and the adjudicator, which we have said may violate an individual's due process rights, see *Allen v. Louisiana State Bd. of Dentistry*, 543 So.2d 908 (La.1989), such a situation is not presented in the procedures set forth in Act 1. There is no suggestion in these procedures that the superintendent operates as the prosecutor before the hearing panel. Moreover, while the superintendent is not bound to follow the considered recommendation of a majority of the hearing panel, the superintendent's decision is judicially reviewable under Act 1. The statute provides, if the superintendent chooses not to reinstate the teacher following the recommendation of the panel, the superintendent shall notify the teacher of his final determination, in writing, and the teacher may, within sixty days thereof, petition a court of competent jurisdiction to review whether the action of the superintendent was arbitrary or capricious. La.Rev.Stat. 17:443(B)(2) (as amended by Act 1 of 2012).

*Id*. at __.

The issues raised by Ms. LaPointe in the present case are not as-applied constitutional challenges. Instead, her arguments concern whether the Vermilion Parish School Board violated her substantive and procedural due process rights in failing to follow Act 1 according to its terms. These issues should first be presented to the trial court as contemplated by La.R.S. 17:443(A)(2).

As noted by the supreme court, "[n]o judicial review of the termination itself has been conducted at this point, owing to the ongoing constitutional challenge." *LaPointe*, ___ So.3d at ___. The supreme court further observed that:

The record before us does not contain any of the exhibits or transcripts filed in the record below with regard to the *Petition for Judicial Review*, namely the so-called 'charge letter' dated August 16, 2013, the termination letter dated September 9, 2013, or the transcript of the proceedings before the tenure hearing panel, including any exhibits filed in evidence during that hearing.

*Id*. at ___, fn 1.

Therefore, the trial court still has issues to decide in this case, including the arguments Ms. LaPointe now raises. A remand will also provide the opportunity

for the introduction of evidence to develop the particular facts and circumstances of the case needed to determine whether Ms. LaPointe's substantive and procedural due process rights were violated by the Vermilion Parish School Board in the implementation of Act 1.

Based on our finding that the issues raised by Ms. LaPointe as as-applied constitutional challenges to Act 1 are in reality challenges to the Vermilion Parish School Board's implementation of Act 1, we affirm the judgment of the trial court. We remand this case to the trial court for further proceedings in the consolidated and still pending Petition for Judicial Review. Costs of this appeal are assessed to Kasha LaPointe.

**AFFIRMED AND REMANDED.**